IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL D. HARDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-0046-CV-W-ODS |
| ) | |
| PARACLETE MANOR OF KANSAS ) | |
| CITY, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION DENYING CONVERTED MOTION FOR SUMMARY JUDGMENT

Pending is Defendants' motion to dismiss (Doc. 14), which the Court converted to a motion for summary judgment. The motion is denied.

## I. BACKGROUND

Defendant Kansas City Baptist Temple (KCBT) is a church. Defendants Paraclete Manor, Temple Heights Manor I, and Temple Heights Manor II are nonprofit corporations that provide housing to low income and elderly persons. These housing facilities were sponsored by KCBT, which provides the facilities accounting services and handles their HUD reporting requirements. From 2007-2009, KCBT had between 45-55 employees at any given time. The Temple Heights entities had between 7-8 employees, and Paraclete Manor generally employed 4-5 people at any given time.

Plaintiff filed this Title VII action alleging he was employed as a maintenance technician primarily for Paraclete Manor and as needed for the Temple Heights entities from April 2007 to September 9, 2009. Plaintiff alleges that a property supervisor who worked for Paraclete Manor and/or the Temple Heights entities subjected him to continual unwelcome touching, hugging, and kissing, and that the harassment did not stop even after he complained to a property manager. Plaintiff also alleges that the day

he was discharged someone who worked for Paraclete Manor or the Temple Heights entities called him a "'stupid Pentecostal wanna-be preacher.'" Plaintiff contends that Paraclete Manor and the Temple Heights entities terminated him due to his complaints of sexual harassment and because of his Pentecostal faith, and that KCBT approved his termination. Plaintiff initiated EEOC and Missouri Commission on Human Rights proceedings against KCBT and Paraclete Manor, but not against the Temple Heights entities.

Since an "employer" for Title VII purposes must employ at least 15 employees (42 U.S.C. § 2000e(b)), Defendants moved to dismiss Plaintiff's suit on the basis that Plaintiff was employed by Paraclete Manor, which only employs 5 employees at most. Defendants also contend the Temple Heights entities should be dismissed for failure to exhaust remedies because Plaintiff did not name those entities as his employers in his administrative proceedings. The Court converted Defendants' motion to dismiss to a motion for summary judgment and notified Plaintiff of the conversion, who countered Defendants' arguments with proof that Defendants should be consolidated and not considered separate entities because they share a close relationship with each other.

## II.  DISCUSSION

Summary judgment is appropriate where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Beard v. Banks*, 548 U.S. 521, 529 (2006). Defendants' numerosity and exhaustion arguments will be considered separately.

*1.  Numerosity*

"Separate entities can be consolidated to meet the Title VII employee numerosity requirement based on the following factors: '(1) interrelation of operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control.'" *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d

2

1178, 1184 (8th Cir. 1998) (citations omitted). The Court notes that even if Paraclete Manor and the Temple Heights entities were consolidated, at most only 13 employees would be involved. So the real issue is whether Paraclete Manor and KCBT can be consolidated to meet the Title VII numerosity requirement.

Interrelation of operations refers to the "sharing services such as check writing, preparation of mutual policy manuals, contract negotiations, completion of business licenses, sharing payroll and insurance programs, sharing services of managers and personnel, sharing office space, equipment, and storage, and operating the entities as a single unit." *Sandoval v. American Bldg. Maintenance Industries, Inc.*, 578 F.3d 787, 793 (8th Cir. 2009). Plaintiff submitted proof that KCBT issued an Employee Manual governing the housing facilities' employees. The Manual refers to the facilities as "Retirement Properties of the Kansas City Baptist Temple," and only the KCBT Pastor of Operations has the ability to adopt any revisions to the Manual.

The Manual covers numerous topics, including equal employment opportunity and code of conduct, and encourages the reader to contact the KCBT Pastor of Operations with questions or concerns regarding these topics. The Manual also includes a policy on sexual and other unlawful harassment; this policy directs the reader to report harassing conduct to his or her supervisor, or, if the supervisor is unavailable or the employee believes that it would be inappropriate to contact that person, the employee is directed to immediately contact the KCBT Pastor of Operations. Plaintiff submitted proof showing that KCBT and the residential facilities shared the same payroll program and health insurance program. Temple Heights Manor II additionally indicated in its 2008 federal tax Form 990 that it shared paid employees with KCBT, Paraclete Manor, and Temple Heights Manor I. KCBT also provides Paraclete Manor and the Temple Heights entities accounting services and handles their HUD reporting requirements. This evidence shows that KCBT's and Paraclete Manor's operations were interrelated, and this factor weighs in favor of consolidation.

With respect to the second factor–common management–numerous federal income tax records for Paraclete Manor and the Temple Heights entities submitted by Plaintiff show that the housing facilities all share a common board of directors. These

records additionally reveal that Paraclete Manor and the Temple Heights entities each claimed each other and KCBT as "related organizations." The IRS definition of "related organizations" includes organizations controlled by the same person or persons. See Instructions for Schedule R (Form 990), Internal Revenue Service (2009). Defendants acknowledge that the residential facilities share a common supervisor and common board of directors, but maintain that there is no such relationship between the residential facilities and KCBT. But in the residential facilities' federal tax forms, they describe their relationship with KCBT as one of "common control" (all caps omitted). Defendants do not acknowledge or explain this discrepancy and submit no proof who is on the KCBT board of directors. There is at least some of evidence of common management between KCBT and Paraclete Manor.

The next factor is centralized control of labor relations. Defendants maintain Plaintiff was subject to the control of the property manager and property supervisor for Paraclete Manor. Defendants insist that KCBT did not review or approve the decision to terminate Plaintiff, and Plaintiff has not proven otherwise. Defendants also submit proof showing that Plaintiff was considered an employee of Paraclete Manor for purposes of the Missouri Division of Employment Security, and Plaintiff's W-2 showed Paraclete Manor–not KCBT or any other entity–as his employer. Defendants highlight that Plaintiff even admitted in his suggestions in opposition that he was employed by Paraclete Manor. The Court however does not find this evidence dispositive because it does not preclude KCBT from also being considered Plaintiff's employer under Title VII. *See Hunt v. State of Missouri, Dept. of Corrections*, 297 F.3d 735, 742 (8th Cir. 2002) (noting in Title VII case that "nothing in the law precludes the possibility that a person may have two or more employers for the same work"). Weighing in favor of Plaintiff's position is the fact that the Employee Manual assigns ultimate responsibility for resolving complaints of workplace harassment to the KCBT Pastor of Operations; the Manual states that any supervisor who is notified of harassment "should promptly advise the KCBT Pastor of Operations who will handle the matter in a timely and confidential manner." Since this is a sexual harassment case, the Court finds this fact particularly probative. The Court also finds it significant that only the Pastor of

4

Operations has the ability to modify the Manual governing various aspects of the employment relationship. This indicates that KCBT was the centralized source of authority for at least some of important decisions affecting employees of Paraclete Manor and the Temple Heights entities.

The last factor–common ownership or financial control–"asks whether one company owns the majority or all shares of the other and if the entities share common officers or directors." *Sandoval*, 578 F.3d at 793. Since the residential facilities are nonprofit corporations, there are no shareholders, and the issue of common control was already addressed in the second factor.

The Court holds that, at minimum, there is a genuine issue of material fact whether Paraclete Manor is so closely related to KCBT that the two entities can be consolidated to meet the Title VII employee numerosity requirement. Defendant's motion for summary judgment in this respect is denied.

*2. Exhaustion*

Title VII requires claimants to timely file a discrimination charge with the EEOC before bringing suit in court. 42 U.S.C. § 2000e-5(e)(1). Plaintiff filed administrative claims against KCBT and Paraclete Manor, but not against the Temple Heights entities. Generally, "a complainant must file a charge against a party with the EEOC before she can sue that party under Title VII." *Sedlacek v. Hach*, 752 F.2d 333, 336 (8th Cir. 1985). An exception to this rule applies where a "substantial identity" exists between the party named in the charge of discrimination and the party named in the complaint. *Id.* A plaintiff may bring suit against a party not named in the EEOC charge "where [the] unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Greenwood v. Ross*, 778 F.2d 448, 451 (8th Cir. 1985). Here, Paraclete Manor and the Temple Heights entities share a common board of directors and employ the same property supervisor. The same evidence that KCBT is closely related to Paraclete Manor equally applies to the Temple

Heights entities. Temple Heights I and II maintain they did not have actual notice of Plaintiff's administrative charges, but notice could be imputed to them under these facts. There is at least a disputed issue of material fact whether a substantial identity exists between the Temple Heights entities and Paraclete Manor or KCBT. Defendants are denied summary judgment on this issue as well.

III. CONCLUSION

Defendants are not entitled to summary judgment. Their motion is denied.
IT IS SO ORDERED.

                                        /s/ Ortrie D. Smith
                                        ORTRIE D. SMITH, JUDGE
DATE: July 7, 2010                   UNITED STATES DISTRICT COURT